IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIAOYUAN MA, | CASE NO. 5:12-cv-00536 EJD |
| Plaintiff(s), | **ORDER GRANTING PETITIONER'S REQUEST FOR STAY OF DEPORTATION PROCEEDINGS; ORDER TO SHOW CAUSE** |
| v. | |
| ERIC HOLDER, et. al., | |
| Defendant(s). | [Docket Item No. 1] |

In this immigration proceeding, Petitioner Xiaoyuan Ma ("Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2241 restraining officials at Immigration and Customs Enforcement ("ICE") from deporting her pending a ruling on her motion to reopen deportation proceedings. See Petition, Docket Item No. 1. According to the instant pleading, Petitioner claims execution of the deportation order would violate (1) INA § 240(b)(4)(B), 8 U.S.C. § 1229 a(b)(4)(B) (requiring that an alien in removal proceedings be given a reasonable opportunity to present her case); (2) 8 C.F.R. § 1240.1(c); and (3) procedural due process under the Fifth Amendment of the United States.

Federal jurisdiction arises under 28 U.S.C. § 1331. For the reasons explained below, the court finds it appropriate to issue an Order to Show Cause pursuant to 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. See id., at ¶ 1.[1] Since November, 2003, Petitioner has resided with her current husband and five children in Daly City, California. See id.

Petitioner was originally admitted to the United States on February 10, 1995, as a conditional permanent resident based on a prior marriage. See id., at ¶ 14. That marriage eventually ended in divorce and Petitioner's conditional residency was terminated. See id. She remarried in September, 1997, and again obtained conditional residency status. See id., at ¶ 15. However, Citizenship and Immigration Services ("CIS") terminated her status for a second time after Petitioner failed to appear for an immigration interview. See id., at ¶ 17. She and her second husband thereafter divorced on September 23, 2003. See id.

Petitioner married her current husband on November 14, 2003. See id., at ¶ 18. She applied for a adjustment of her immigration status based on her marriage on December 23, 2003, but her application was denied by CIS on November 7, 2005, due to a finding of marriage fraud. See id. Petitioner was then summoned to appear by the Department of Homeland Security on December 29, 2005, and appeared before the San Francisco Immigration Court with counsel, Justin Wang. See id., at ¶ 19. During those proceedings, Petitioner conceded removability but requested asylum and relief under the Convention Against Torture. See id. Her requests were denied after an evidentiary hearing on August 30, 2006, and the Board of Immigration Appeals ("BIA") dismissed her administrative appeal on January 9, 2008. See id., at ¶¶ 21, 22. A petition for review was denied by the Ninth Circuit Court of Appeals on November 29, 2011. See id., at ¶ 23.

On August 26, 2011, Petitioner consulted with her present counsel who filed a motion to reopen removal proceedings with the BIA due to ineffective assistance of counsel. See id., at ¶¶ 24, 25. Petitioner argues that Wang prevented her from applying for cancellation of removal based on "exceptional and extremely unusual hardship" to her children. See id., at ¶ 25. That motion is

---

[1] The court provides a selection of the allegations contained in the Petition solely for context without determination as to the truth or validity of any of Petitioner's allegations.

currently pending before the BIA and deportation proceedings have not been stayed pending its decision. See id., at ¶ 26.

## II. DISCUSSION

The district court may consider a petition for writ of habeas corpus if the petitioner "is in custody under or by color of the authority of the United States." 28 U.S.C. § 2241. In addition, district courts may review administrative denials of stay requests during the pendency of motions of reopen immigration proceedings. Blancada v. Turnage, 891 F.2d 688, 689 (9th Cir. 1989). When presented with a petition under § 2241, the district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Here, Petitioner claims she is in actual "custody" of the United States because she subject to a final order of removal, and further claims she is in constructive custody because she is required to report to the ICE field office in San Francisco every month. In addition, Petitioner's currently-pending motion to stay is based on ineffective assistance of counsel, an issue which has not yet been considered by the BIA. Liberally construed, Petitioner's claim appears colorable on its face under § 2241, and therefore merits an answer from Respondent.

## III. ORDER

Based on the foregoing, the court orders as follows:

1. Petitioner's request for a stay of deportation proceedings is GRANTED. This stay shall remain in effect until such time as the court dismisses or rules on the merits of the Petition and issues judgment.

2. The Clerk shall serve by mail a copy of this Order, the Petition and all attachments thereto, upon the Respondents and the Respondents' attorney, the United States Attorney for the Northern District of California.

3. The court also directs Respondents to show cause why the requested writ should not be granted. Considering what is potentially an extensive administrative record, the court finds good cause to extend the time for Respondents to respond to this show-cause order. Therefore,

CASE NO. 5:12-cv-00536 EJD
ORDER GRANTING PETITIONER'S REQUEST FOR STAY OF DEPORTATION PROCEEDINGS; ORDER TO SHOW CAUSE

1  Respondents shall file with the court and serve upon Petitioner, within **twenty (20) days** of the date
2  this order is filed, an answer conforming to Rule 5 of the Rules Governing Section 2254 cases,
3  showing cause why a writ of habeas corpus should not be granted. Respondent shall also file and
4  serve upon Petitioner a copy of all portions of the record of deportations proceedings that have been
5  transcribed previously and that are relevant to a determination of the issues presented by the
6  Petition. The court likewise finds good cause to extent the time for decision on this matter in order
7  to allow Petitioner time to respond to the answer. If Petitioner wishes to respond, she shall do so by
8  filing and serving a traverse within **fifteen (15) days** of the date the answer is filed. The court will
9  determine whether an evidentiary hearing is necessary based on its review of the pleadings.

10      4.    In lieu of an answer, Respondent may file a motion to dismiss on procedural grounds
11  as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases
12  within **twenty (20) days** of the date this Order is filed. If Respondent files such a motion, Petitioner
13  shall file and serve an opposition or statement of non-opposition within **fifteen (15) days** of the date
14  the motion is filed, and Respondent may file and serve a reply within **ten (10) days** of the date the
15  opposition is filed. The court will decide the motion on the papers; no hearing will be set.

16  **IT IS SO ORDERED.**

18  Dated: February 21, 2012

                               EDWARD J. DAVILA
19                                United States District Judge